**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mikeal Glenn Stine, | No. CV-20-00187-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| B Von Blankensee, et al., | |
| Defendants. | |

On July 7, 2020, the Court issued the screening order in this case and called for an Answer to Count II, which alleges Defendant Garcia violated his rights to access to the courts by denying him stamps for mailing filings to the Court or his attorney. Plaintiff alleges he has been unable to write to his attorneys or to respond to motions in his pending 28 U.S.C. § 2241 case. On November 23, 2020, the Plaintiff filed a Motion for Appointment of Counsel. (Doc. 33.) He seeks appointment of counsel due to various access issues allegedly caused by COVID, such as closure of the library. Most troubling, the Plaintiff alleges that all his legal materials were seized and destroyed as "contaminated" after he tested positive for COVID-19.

On December 7, 2020, he filed a Motion to Compel answers by Garcia to interrogatories. (Doc. 34.) He, also, seeks a video hearing related to these motions. (Doc. 35.)

///

///

On December 16, 2020, the Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Relief. (Dc. 36.) In the case management Scheduling Order, this Court ordered that in the event Defendant challenges exhaustion, discovery commences when the Court resolves the exhaustion challenge. Therefore, the Court finds that the time for answering the interrogatories commences after the Court disposes of the Motion for Summary Judgment (Exhaustion), if it is denied. The Court does not appoint counsel at this time because the filing of the recent motions, including the Motion to Compel, suggest that Plaintiff does have access to this Court. Plaintiff does not allege, and there is no evidence, that he is not capable of representing himself.

The Defendant shall inquire and report to this Court regarding the merits of Plaintiff's claim that his legal documents have been destroyed. In the event there has been any destruction of documents that affects his ability to file a Response to the Motion for Summary Judgment (Exhaustion), the Defendant shall recreate the necessary administrative record and provide it to the Plaintiff.

**Accordingly,**

**IT IS ORDERED** that within 14 days of the filing date of this Order, the Defendant shall file a Response to the Plaintiff's Motion for Appointment of Counsel, including a status report if there is a need to recreate the administrative record for the Plaintiff because of destruction of his legal materials by the BOP. The Plaintiff may file a Reply within 7 days of the filing date of the Response and Status Report.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel (Doc. 33) shall pend until the Court reviews the Response and Reply.

**IT IS FURTHER ORDERED** that the Motion to Compel (Doc. 34) is DENIED. The time for answering the Interrogatories and responding to other discovery requests commences if, and when, this Court denies the Motion for Summary Judgment.

///

///

///

1     **IT IS FURTHER ORDERED** denying the Motion for Hearing (video conference) (Doc. 35) is DENIED.

    Dated this 21st day of December, 2020.

*David C. Bury*
United States District Judge